IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INNOVATIVE ENGINEERING SOLUTIONS, INC.,

Plaintiff,

v.

MISONIX, INC., and EVANS COMPONENTS, INC.,

Defendants.

Civ. No. 05-1592-PK

**ORDER**

PAPAK, Magistrate Judge:

Plaintiff Innovative Engineering Solutions, Inc. brings this action for patent infringement against defendants Misonix, Inc., and Evans Components, Inc. (Evans). Before this court is plaintiff's amended motion to dismiss both defendants with prejudice. For the reasons set forth below, plaintiff's motion is granted.

**BACKGROUND**

Plaintiff filed this action in October 2005. Defendants filed their answer in February 2006. Misonix also brought counterclaims for declaratory judgement.

The parties filed cross-motions for summary judgment regarding the effect of an arbitration decision. Discovery was limited to authenticating documents relevant to the summary judgment motions.

In October 2006, I denied plaintiff's motion for summary judgment and granted in part defendants' motion for summary judgment, concluding that Evans had an implied license to sell

the accused devices. This ruling eliminated plaintiff's claim for damages based on sales between April 2002 and September 2004.

Thereafter, this court adopted the parties' stipulated schedule for discovery, briefing, and claim construction. This action is still at an early stage.

On March 12, 2007, plaintiff filed a motion to dismiss with prejudice [#136]. On March 13, 2007, plaintiff filed an amended motion to dismiss with prejudice [#145]. While asserting that its infringement claims are "virtually incontrovertible," plaintiff has concluded that continued litigation makes no economic sense because potential damages are so limited by this court's ruling on the duration of the implied license.

In support of the motion to dismiss, plaintiff submits a covenant not to sue Misonix. The covenant not to sue provides that plaintiff will not bring an infringement action against Misonix "arising from the past, present or future making, use, sale, offer to sell or importation" of any product sold or manufactured by Misonix "in the form such devices existed on or before April 6, 2007." Shiban Supp. Decl., Ex. 1.

**STANDARDS**

Federal Rule of Civil Procedure 41(a)(2) authorizes motions for voluntary dismissal:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Resolution of the voluntary motion to dismiss is governed by the law of the Ninth Circuit, not the Federal Circuit. See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1335-36 (Fed. Cir. 2007).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "Legal prejudice" is "'prejudice

to some legal interest, some legal claim, some legal argument.'" Id. at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). To establish plain legal prejudice, a defendant must show more than the threat of future litigation, or uncertainty because of an unresolved dispute. Id. (citing Westlands, 100 F.3d at 96-97). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." Westlands, 100 F.3d at 97 (citation omitted). The court has discretion in ruling on a motion to dismiss under Rule 41(a)(2). Smith, 263 F.3d at 976.

**DISCUSSION**

Defendants have failed to show that they will suffer plain legal prejudice if this action is dismissed. Because the dismissal is with prejudice, plaintiff cannot reassert the patent infringement claims against defendants in another action. See Smith, 263 F.3d at 976 (when voluntary dismissal is with prejudice, it "strengthens [the] conclusion" that there is no legal prejudice); see also Digeo, Inc. v. Audible, Inc., 2006 WL 3486801, at *2 (W.D. Wash. Dec. 1, 2006). For purposes of claim and issue preclusion, dismissal with prejudice is a determination on the merits. See Leon v. IDX Sys. Corp., 464 F.3d 951, 962 (9th Cir. 2006). Dismissal with prejudice does not prevent defendants from seeking attorney's fees under 35 U.S.C. § 285 or Federal Rule of Civil Procedure 11. See Digeo, at *3 (citing Highway Equip., Inc. v. FECO, Ltd., 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) (fees under 35 U.S.C. § 285)).

Defendant Evans has moved for leave to file counterclaims. I agree with plaintiff that Evans's motion for leave to file counterclaims is not itself a pleading and should not be considered equivalent to pleading counterclaims.

The dismissal of plaintiff's claims with prejudice does not moot Misonix's counterclaims for declaratory relief. However, because of plaintiff's covenant not to sue, this court lacks subject matter jurisdiction over Misonix's counterclaims.

To show that a claim for declaratory relief is justiciable, the party seeking relief must show "'(1) an explicit threat or other action by the patentee, which creates a *reasonable*

apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) *present* activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.'" Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 10 (Fed. Cir. 1995) (quoting BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993) (emphasis added by Super Sack court)).

Here, in light of plaintiff's covenant not to sue, Misonix cannot show either a reasonable apprehension that it will face an infringement action, or present activity that could be considered infringement. See Digeo, at *2; Nike, Inc. v. adidas America, Inc., Civ. No. 05-541-BR, 2006 WL 3716754, at *3-4 (D. Or. Dec. 14, 2006). I dismiss Misonix's counterclaims without prejudice.

**CONCLUSION**

Plaintiff's amended motion to dismiss with prejudice ( #145) is granted. The following motions are denied as moot: plaintiff's motion for reconsideration (#134), defendants' second motion for summary judgment (#93), motion to strike preliminary infringement contentions (#95), motion for partial summary judgment (#101), and motion for leave to enter counterclaims (#126). Misonix's counterclaims are dismissed without prejudice.

DATED this 3rd day of May, 2007.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge